IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALPHONSE MAZZARELLA, on behalf of himself and similarly situated employees,<br>　　　　　　　　Plaintiff,<br>　　v.<br><br>FAST RIG SUPPORT, LLC; and FIRST AMERICANS SHIPPING AND TRUCKING, INC.,<br>　　　　　　　　Defendants. | : CIVIL ACTION<br>:<br>: FILED ELECTRONICALLY<br>: ON NOVEMBER 21, 2013<br>:<br>: NON-JURY TRIAL<br>:<br>:<br>:<br>:<br>: |

## **COMPLAINT - CLASS/COLLECTIVE ACTION**

Plaintiff Alphonse Mazzarella ("Plaintiff"), on behalf of himself and similarly situated employees, brings this class/collective action lawsuit against Defendants FAST Rig Support, LLC and First Americans Shipping and Trucking, Inc., seeking all available relief under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, *et seq.* Plaintiff's FLSA claim is asserted as a nationwide collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), while his PMWA claim is asserted as a Pennsylvania class action pursuant to Federal Rule of Civil Procedure 23.[1]

---

[1] The Third Circuit Court of Appeals has held that FLSA collective action claims and Rule 23 class action claims may proceed together in the same lawsuit. *See Knepper v. Rite Aid Corp.*, 675 F.3d 249 (3d Cir. 2012).

## **JURISDICTION AND VENUE**

1. Jurisdiction over Plaintiff's FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2. Jurisdiction over Plaintiff's PMWA claim is proper under 28 U.S.C. § 1367.

3. Venue in this Court is proper under 28 U.S.C. § 1391.

## **PARTIES**

4. Plaintiff is an individual residing in Tunkhannock, PA (Wyoming County).

5. Plaintiff is an employee covered by the FLSA and the PMWA.

6. Defendant FAST Rig Support, LLC is a corporate entity registered with the Pennsylvania Department of State and, according to the Department's database, maintaining a headquarters and registered office address in Laceyville, PA (Wyoming County).

7. Defendant First Americans Shipping and Trucking, Inc. is a corporate entity registered with the Pennsylvania Department of State and, according to the Department's database, maintaining a registered office address in Laceyville, PA (Wyoming County) and a headquarters in Hogansburg, NY.

8. FAST Rig Support, LLC and First Americans Shipping and Trucking, Inc. are referred to collectively as "Defendants."

9. Defendants are employers covered by the FLSA and the PMWA. In particular, Defendants employ individuals who are engaged in commerce or in the production of goods for commerce. Moreover, Defendants, both individually and collectively, operate as an enterprise engaged in commerce or in the production of goods for commerce and have annual gross volume of sales made or business done in excess of $500,000.

## FACTS

10. Defendants jointly own and operate a trucking business that operates in Pennsylvania out of yards located in Laceyville, PA and in or around Williamsport, PA (collectively "the PA Yards").

11. During the three-year time period relevant to this lawsuit, Defendants have employed at least 50 individuals who work as truck drivers out of the PA Yards (collectively "the PA Drivers").

12. Defendants employed Plaintiff as a PA Driver from approximately June 2012 until approximately October 2013.

13. Plaintiff and other PA Drivers transport water in their trucks from water sources located within Pennsylvania to natural gas rigs located

within Pennsylvania. As such, the PA Drivers do not leave Pennsylvania during the ordinary course of their employment with Defendants.

14. Defendants pay Plaintiff and other PA Drivers an hourly wage. For example, Plaintiff's hourly wage ranged between $20.00 and $22.00.

15. Plaintiff and other PA Drivers regularly work over 40 hours per week. For example, Plaintiff's paystubs show him working 85.5 hours during the week ending on June 9, 2012 and 75.25 hours during the week March 9, 2013.

16. Throughout the three-year time period relevant to this action, Defendants maintained a policy of refusing to pay Plaintiff and other PA Drivers overtime premium pay (calculated at 150% of the regular pay rate) for all hours worked over 40 in a week. Instead, during each workweek, Defendants have paid Plaintiff and other PA Drivers at their regular pay rate for hours worked up to 45 hours and at their overtime premium rate (calculated at 150% of the regular pay rate) for hours worked beyond 45 hours.

17. Defendants have acted willfully and with reckless disregard of clearly applicable FLSA provisions by failing to pay Plaintiff and other PA Drivers overtime premium pay for hours worked **_over 40_** in a week.

## **CLASS/COLLECTIVE ACTION ALLEGATIONS**

18.     Plaintiff brings his FLSA claim as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), and brings his PMWA claim as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of himself and following individuals:

> All individuals who, during any workweek after November 21, 2010: (i) have been employed in Pennsylvania by FAST Rig Support, LLC, First Americans Shipping and Trucking, Inc., or any of their affiliated companies and (ii) according to Defendants' payroll records received straight-time pay for credited work hours falling between 40 and 45 in a week.

19.     Plaintiff's FLSA claim should proceed as a collective action because Plaintiff and other potential members of the collective, having worked pursuant to the common policies described herein, are "similarly situated" as that term is defined in 29 U.S.C. § 216(b) and the associated decisional law.

20.     Class action treatment of Plaintiff's PMWA claim is appropriate because, as asserted below, all of Federal Rule of Civil Procedure 23's class action requisites are satisfied.

21.     The Rule 23 class includes over 50 individuals, all of whom are readily ascertainable based on Defendant's standard payroll records and are so numerous that joinder of all class members is impracticable.

22.     Plaintiff is a class member, his claims are typical of the claims of

other class members, and he has no interests that are antagonistic to or in conflict with the interests of other class members.

23. Plaintiff will fairly and adequately represent the class members and their interests, and he has retained competent and experienced counsel who will effectively represent the class members' interests.

24. Questions of law and fact are common to all class members, because, *inter alia,* this action concerns the legality of Defendant's companywide pay policies, as summarized herein. The legality of these challenged policies will be determined through the resolution of generally applicable legal principles.

25. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over any questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

### COUNT I
### (Alleging FLSA Violations)

26. All previous paragraphs are incorporated as though fully set forth herein.

27. The FLSA requires that employees receive overtime premium compensation calculated at "not less than one and one-half times" their

regular pay rate for hours worked over 40 in a 7-day week. *See* 29 U.S.C. § 207(a)(1).

28. Defendants violated the FLSA by failing to pay Plaintiff and the FLSA collective members overtime premium compensation for all hours worked over 40 in a week.

29. In violating the FLSA, Defendants acted willfully and with reckless disregard of clearly applicable FLSA provisions and, as such, willfully violated the FLSA.

## COUNT II
### (Alleging PMWA Violations)

30. All previous paragraphs are incorporated as though fully set forth herein.

31. The PMWA requires that employees receive overtime premium compensation calculated at "not less than one and one-half times" the employee's regular pay rate for hours worked over 40 in a 7-day week. *See* 43 P.S. § 333.104(c).

32. Defendants violated the PMWA by failing to pay Plaintiff and the Rule 23 class members overtime premium compensation for all hours worked over 40 in a week.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of himself and other members of the class/collective, seeks the following relief:

A.   An order permitting this action to proceed as a collective and class action;

B.   Prompt notice, pursuant to 29 U.S.C. § 216(b), to all members of the FLSA collective informing them of this action and of their right to join this action;

C.   Unpaid wages (including overtime premium wages) and prejudgment interest;

D.   Liquidated damages;

E.   Litigation costs, expenses, and attorney's fees; and

F.   Such other relief as this Court deems just and proper.

Date: November 21, 2013                     Respectfully,

/s/ Peter Winebrake
Peter Winebrake
R. Andrew Santillo
Mark J. Gottesfeld
WINEBRAKE & SANTILLO, LLC
715 Twining Road, Suite 211
Dresher, PA 19025
(215) 884-2491
pwinebrake@winebrakelaw.com