## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ALPHONSE MAZZARELLA,** *on behalf of himself and similarly situated employees,* | : | |
| | : | CIVIL ACTION NO. 3:13-2844 |
| **Plaintiff** | : | |
| v. | : | (JUDGE MANNION) |
| **FAST RIG SUPPORT, LLC and FIRST AMERICANS SHIPPING AND TRUCKING, INC.,** | : : : | |
| **Defendants** | : | |

## M E M O R A N D U M

Plaintiff Alphonse Mazzarella is a truck driver who works for defendants FAST Rig Support, LLC, and First Americans Shipping and Trucking, Inc., driving within Pennsylvania for these companies. He and his fellow employees transport water from Pennsylvania water sources to natural gas drilling sites located within the state. He and his coworkers are paid an hourly wage, and they regularly work for more than forty hours a week. The defendants have paid him and his fellow workers overtime after they have worked forty-five hours in a week, not after forty hours, as the Fair Labor Standards Act mandates. Plaintiff has thus sued defendants under the Fair Labor Standards Act and the Pennsylvania Minimum Wage Act, on behalf of himself and his coworkers, and defendants have moved to dismiss his claims.

**I.  BACKGROUND**[1]

Plaintiff Alphonse Mazzarella is a truck driver employed by defendant FAST Rig Support, LLC ("FAST"), and defendant First Americans Shipping and Trucking, Inc. ("First Americans"), companies that jointly own a trucking business operating out of yards located in Laceyville, PA and Williamsport, PA. Plaintiff and his fellow drivers transport water from water sources within Pennsylvania to natural gas rigs also located within Pennsylvania. The drivers do not travel outside of Pennsylvania during the normal course of their jobs. Plaintiff was employed with defendants from June 2012 to October 2013.

Plaintiff was paid an hourly wage between twenty and twenty-two dollars an hour during the course of his employment with defendants. His coworkers were similarly paid hourly wages. While working for defendants, plaintiff and his coworkers routinely worked for more than forty hours per week. Plaintiff notes that, for instance, he worked for eighty-five hours one week in June 2012 and seventy-five hours another week in March 2013. While he worked this overtime, plaintiff and his fellow employees received overtime pay of 150% of their regular pay rate for hours worked in excess of forty-five per week. Plaintiff contends that they were owed overtime for any hours worked in excess of forty hours per week, as mandated by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201, *et seq*., and the Pennsylvania Minimum Wage

---

[1]All facts are taken from plaintiff's complaint, (Doc. 1), unless otherwise noted.

Act ("PMWA"), 43 P.S. §§333.101, *et seq*.

Plaintiff brought suit against defendants on November 21, 2013, (Doc. 1), bringing a claim for violations of the FLSA's overtime provision, 29 U.S.C. §207(a)(1), and a claim for violations of the PMWA's overtime provision, 43 P.S. §331.104(c). The FLSA claim was brought as a collective action pursuant to 29 U.S.C. §216(b). The PMWA actions was brought as a class action pursuant to Fed.R.Civ.P. 23. Plaintiff also filed a motion for conditional class certification, (Doc. 24), but the parties later stipulated that all drivers employed in Pennsylvania by defendants since May 1, 2011 were conditionally certified as a collective pursuant to 29 U.S.C. §216(b). (Doc. 34). Plaintiff withdrew the Rule 23 class action claim, but the parties acknowledged that drivers who opt in to the collective action join the action for both the FLSA and PMWA claims. (Id.).

Several drivers have opted in to be members of the collective action. (Docs. 5, 12, 28). Two members who opted in have been withdrawn as members because they were not employees of defendants at the relevant times. (Doc. 22). The parties have agreed to work together to identify and notify all potential collective members of the suit and allow them the opportunity to opt in. (Doc. 34).

Defendants moved to dismiss both of plaintiff's claims. (Doc. 19). The motion has been briefed (Docs. 21, 23), and is ripe for disposition.

3

## II. STANDARD OF REVIEW

The defendants' motion to dismiss is brought pursuant to the provisions of Fed.R.Civ.P. 12(b)(6). This rule provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007) (abrogating "no set of facts" language found in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The facts alleged must be sufficient to "raise a right to relief above the speculative level." Twombly, 550 U.S. 544, 127 S. Ct. at 1965. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" necessary elements of the plaintiff's cause of action. Id. Furthermore, in order to satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008) (brackets and quotations marks omitted) (quoting Twombly, 550 U.S. 544, 127 S. Ct. at 1964-65).

In considering a motion to dismiss, the court generally relies on the

4

complaint, attached exhibits, and matters of public record. See Sands v. McCormick, 502 F.3d 263 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents." Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." Pryor v. Nat'l Collegiate Athletic Ass'n, 288 F.3d 548, 560 (3d Cir. 2002). However, the court may not rely on other parts of the record in determining a motion to dismiss. See Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

Generally, the court should grant leave to amend a complaint before dismissing it as merely deficient. See, e.g., Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 252 (3d Cir. 2007); Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000). "Dismissal without leave to amend is justified only on the grounds of bad faith, undue delay, prejudice, or futility." Alston v. Parker, 363 F.3d 229, 236 (3d Cir. 2004).

## III. DISCUSSION

Defendants move to dismiss the claims of plaintiff and the collective

members on the grounds that the plaintiffs are drivers for motor carriers, and are thus exempt from the relevant provisions of the FLSA and PWMA.

"In 1938, Congress enacted the FLSA to protect covered workers from substandard wages and oppressive working hours." Friedrich v. U.S. Computer Servs., 974 F.2d 409, 412 (3d Cir. 1992)(*citing* Barrentine v. Arkansas-Best Freight Sys., Inc., 450 U.S. 728, 739 (1981). The Fair Labor Standards Act provides that:

> "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

29 U.S.C. §207(a)(1). Thus, employers covered by the FLSA must pay overtime compensation to employees who work for more than forty hours a week "unless one or another of certain exemptions applies." Packard v. Pittsburgh Transp. Cp., 418 F.3d 246, 250 (3d Cir. 2005). FLSA exemptions are construed narrowly against the employer. Id., at 251 (*citing* Madison v. Res. for Human Dev., Inc., 233 F.3d 175, 183 (3d Cir. 2000)). That defendants fall within an exemption to the FLSA is an affirmative defense, and "the employer has the burden of establishing an exemption." Buckley v. Kinder, 2013 WL 941562, at *1 (D.N.J. Mar. 6, 2013)(*citing* Pignataro v. Port Auth., 593 F.3d 265, 268 (3d Cir. 2010)). "On a Rule 12(b)(6) motion, an

6

affirmative defense ... is appropriately considered only if it presents an insuperable barrier to recovery by the plaintiff." Flight Systems, Inc., v. Electronic Data Sys. Corp., 112 F.3d 124, 127 (3d Cir. 1997).

The PMWA, like the FLSA, provides that employees shall receive overtime wages of "not less than one and a half times" their regular wage for any hours worked after forty in a work week. 43 P.S. §333.104(c). Pennsylvania courts have looked to federal law regarding the FLSA in applying the PMWA. Baum v. Astrazeneca LP, 372 F.App'x 246, 248, n. 4 (3d Cir. 2010)(*citing* Commonwealth of Pa. Dept. of Labor and Indus., Bureau of Labor Law Compliance v. Stuber, 822 A.2d 870, 873 (Pa.Commw. 2003), aff'd, 859 A.2d 1253 (2004) (applying "federal case law" regarding the FLSA to a PMWA claim). The Pennsylvania courts have determined that "it is proper to give deference to federal interpretation of a federal statute when the state statute substantially parallels it." Id.

"The exemption of an employee from the hours provisions of the Fair Labor Standards Act under section 13(b)(1) depends both on the class to which his employer belongs and on the class of work involved in the employee's job." 29 C.F.R. §782.2. The exception relied on by defendants, the "motor carrier exemption," states that "[t]he provisions of section 207 of this title shall not apply with respect to any employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service pursuant to the provisions of section 31502 of Title

7

49." 29 U.S.C. §213(b)(1). The PMWA contains a motor carrier exemption nearly identical to that in the FLSA. 43 P.S. §333.105(b)(7).

The Department of Transportation's jurisdiction over employees of motor carriers is limited to those who affect the safety of operation. Friedrich, 974 F.2d, at 417. "The DOT has authority over drivers only where the employees regularly travel interstate or reasonably are expected to do interstate driving." Id. (*citing* 46 Fed.Reg. 37902-02). "Thus, for the motor carrier exemption from the FLSA to apply, defendants here must establish either that the activities of the individual plaintiffs involved interstate travel of a character that was more than de minimis or that interstate travel was a 'natural, integral and ... inseparable part' of the position plaintiffs held." Dauphin v. Chestnut Ridge Transp., Inc. 544 F.Supp. 2d 266, 275 (S.D.N.Y. 2009)(*citing* Morris v. McComb, 332 U.S. 422, 433).

Here, plaintiffs have effectively pleaded a claim for violations of the overtime provisions of the FLSA and the PMWA. They have alleged that defendants, collectively and individually, are an enterprise engaged in commerce or the production of goods for commerce with an annual volume of sales in excess of $500,000.00, and that thus they are subject to the provisions of the FLSA. 29 U.S.C. §§203(s)(1), 207. He has additionally alleged that he and his coworkers worked for more than forty hours a week and were not paid overtime wages for a portion of those hours. These allegations are sufficient to plead that a violation of the overtime provisions of

8

the laws has occurred.

Defendants have not argued that plaintiff has failed to properly allege that violations of the laws have occurred, but argue only that the motor carrier exemption applies to the plaintiff drivers. Defendants have not borne their high burden of showing that their affirmative defense bars plaintiffs' claims at this stage of the litigation. While they have submitted a certificate from the DOT certifying First Americans as a common carrier, (Doc. 21-2), that evidence only addresses the class to which the employer belongs. It does nothing to address plaintiffs' allegation that the class of work they do - intrastate driving- does not exempt them from the FLSA and PMWA's overtime provisions under the motor carrier exemption because they are not integrally involved in interstate travel. Defendants do not present any evidence that the plaintiffs can reasonably be expected to be called upon, even occasionally, to travel in interstate commerce. Without any such showing, they are missing an essential part of the affirmative defense.

Especially given that exemptions to the FLSA and PMWA are to be construed against employers, defendants have not shown that the motor carrier exemption applies sufficiently to justify dismissal of the complaint at this early stage in the litigation. Defendants' motion to dismiss, (Doc. 19), is **DENIED**.

## IV. CONCLUSION

For the above reasons, defendants' motion to dismiss plaintiffs' FLSA and PMWA claims, (Doc. 19), is **DENIED**. A separate order shall issue.

                                          s/ *Malachy E. Mannion*
                                          **MALACHY E. MANNION**
                                          **United States District Judge**

**Date: June 23, 2014**

O:\Mannion\shared\MEMORANDA - DJ\CIVIL MEMORANDA\2013 MEMORANDA\13-2844-01.wpd